# Richmond

## W. W. OLIVER, JR., ET AL. v. JAMES W. HALSTEAD AND NORFOLK COOPERATIVE MILK PRODUCERS ASSOCIATION.

April 25, 1955.

Record No. 4359.

Present, All the Justices.

The opinion states the case.

*James G. Martin & Son*, for the appellants.

*Breeden, Howard & MacMillan* and *Herbert & Bohannon*, for the appellees.

SMITH, J., delivered the opinion of the court.

This suit was instituted by several members of the Norfolk Cooperative Milk Producers Association, against the Association and James W. Halstead, a director and for 22 years the business manager of the Association, to enjoin Halstead from acting and receiving a salary for his services as manager, and also to enjoin the Association from paying him money for such services.

The bill alleged that Halstead was a director of the Association and acting as such; that Code, § 13-266(c) and the by-laws of the Association provide that a director shall not receive a salary as business manager of the Association while a director; and that "contrary to both the spirit and letter" of Code, § 13-266(c) and the by-laws of the Association, the directors elected Halstead business manager at an annual salary of $5,000. The Association and Halstead answered admitting as facts the material allegations of the bill, but denying that payment for the latter's service as business manager was illegal. The cause was submitted on the bill and answer and by its decree the trial court denied the relief prayed and dismissed the bill, to which decree we granted this appeal.

The single question presented is whether Halstead, a director of the Association, may during his term of office receive compensation for services as a business manager. The answer to this question rests upon a proper construction of Code, § 13-266(c), which provides:

"An association may provide for the payment of a fair remuneration for the time actually spent by its officers and directors in its service. No director, during the term of his office, shall be a party to a contract for profit with the association differing in any way from the business relations accorded regular members or holders of common stock of the association, or to any other kind of contract differing from terms generally current in that district."

This section of the Code contains no express restriction or limitation prohibiting a director of a Co-Operative Farm Product Marketing Association from acting and receiving

compensation as its business manager. The first sentence authorizes the Association to pay a "fair remuneration for the time actually spent by its officers and directors in its service." In addition to the requirement that the remuneration be fair, the second sentence provides that no director "shall be a party to a contract for profit with the association differing in any way from the business relations accorded regular members or holders of common stock of the association, or to any other kind of contract differing from terms generally current in that district." There is no allegation that Halstead's contract of employment is unfair; therefore, our inquiry is confined to the determination of whether his salary is paid under a "contract for profit."

The word "profit" is defined in Black's Law Dictionary (3rd ed.) as "The advance in the price of goods sold beyond the cost of purchase. The gain made by the sale of produce or manufactures, after deducting the value of the labor, materials, rents, and all expenses, together with the interest of the capital employed." There is a clear distinction between "profit" and "wages" or compensation for labor. "Compensation for labor can not be regarded as profit within the meaning of the law. The word 'profit', as ordinarily used, means the gain made upon any business or investment—a different thing altogether from mere compensation for labor." *The Commercial League Association of America* v. *The People ex rel. Thomas B. Needles, Auditor*, 90 Ill. 166. "Reasonable compensation for labor or services rendered is, not profit." *Laureldale Cemetery Association* v. *Matthews*, 354 Pa. 239, 47 A. (2d) 277.

When Code, § 13-266(c) receives a reasonable construction it is clear that a contract under which a director of the Association is also employed for a fair remuneration as business manager does not constitute a "contract for profit." The primary purpose of this statute is to authorize fair remuneration for the services of directors and officers and to prevent a director from gaining any contractual pref-

erences with the association not available to the general membership.

■ Code, § 13-250 provides: "The provisions of the general corporation laws of this State, and all powers and rights thereunder, shall apply to the associations [Co-Operative Farm Product Marketing Associations] organized hereunder, except where such provisions are in conflict with or inconsistent with the express provisions of this chapter."

We have been directed to no provision of the general corporation law which prohibits a director from acting for fair compensation as business manager of his corporation. Furthermore, there are no express provisions in Chapter 15, Title 13 of the Code nor any provisions of the Association's by-laws,* which are in conflict with the general corporation law that a director may also serve his corporation in some other capacity for a fair remuneration. In fact this is common practice and sanctioned by the law if the contract of employment is otherwise fair and honest. *Sterling* v. *Trust Company of Norfolk*, 149 Va. 867, 141 S. E. 856; *Ransome Concrete Machinery Co.* v. *Moody*, 282 Fed. 29; 4 Michie's Jur., Corporations, § 166, p. 700 *et seq.*; 5 Fletcher on Corporations, (1952 Revised Volume), § 2126, p. 528.

Consequently, we hold that the "contract for profit" referred to in Code, § 13-266(c) does not include a contract of employment and does not prohibit the payment of a "fair remuneration for the time actually spent" by Halstead

---

* The pertinent by-laws of the Association read as follows:
"Article VII—Duties of the Directors.
"Section 1. The board of directors shall manage the business of the association and shall make the necessary rules and regulations not inconsistent with law or with these by-laws, for the management of the business.
"Section 2. The board of directors shall employ a business manager, fix his compensation, and dismiss him for cause. He shall have charge of the business of the association under the direction of the board of directors."
"Article IX—Duties and Powers of the Manager.
"Section 1. Under the direction of the board of directors the manager shall employ and discharge all employees, agents, or laborers, and shall perform such duties as may be required of him by the board of directors."

as business manager of his association.  Therefore, the judgment is affirmed.

*Affirmed.*