## CIRCUIT COURT OF FREDERICK COUNTY

Duncan

v.

Adams

August 28, 1984

Case No. (Chancery) C-84-109

By JUDGE ROBERT K. WOLTZ

This letter opinion involves exceptions to a reference to a commissioner in chancery as to whether the rents and profits of a parcel of real estate will over a period of five years discharge, as contemplated by Code Section 8.01-462, the complainant's judgment lien against that property.

The commissioner found the rents and profits would not discharge within five years the lien indebtedness of the complainant in the principal sum of $4,940.00 with interest at the statutory rate from April 2, 1984, plus suit costs. He found the profits, derived from net rentals, over the five-year period would amount to $2,834.40. The value of the property was $96,000.00 but superior to the complainant's lien are current and future real estate taxes, a judgment lien of $465.00 and a "balloon" type of deed of trust in the amount of $36,500.00 with monthly interest of $395.41.

The first exception is that casualty insurance on the property for the five-year period was determined by the commissioner to be $1,000.00 whereas the deed of trust requires casualty insurance only to the amount due under the trust. The commissioner's finding of casualty insurance premium of $200.00 per year is reasonable and based on the evidence (Tr. 13), and the exception is overruled.

The second exception is that the commissioner did not consider appreciation in the value of the premises during the five-year period in making determination of rents and profits. Section 8.01-462 provides in part:

> If it appear to the court that the rents and profits of all real estate subject to the lien will not satisfy the judgment in five years, the court may decree such real estate, or any part thereof, to be sold, and the proceeds applied to the discharge of the judgment.

No case has been cited which defines profits other than *Oliver v. Halstead*, 196 Va. 992 (1955), which held that wages or compensation for labor was legally not considered "profit," and which cited the definition in *Black's Law Dictionary* (3rd ed.) as follows:

> The advance in the price of goods sold beyond the cost of purchase. The gain made by the sale of produce or manufactures, after deducting the value of the labor, materials, rents, and all expenses, together with the interest of the capital employed.

It is an elementary axiom in statutory construction that a word used in a statute is to be taken in its usual and ordinary sense or meaning unless from the subject matter or otherwise some specialized meaning must be assigned to it. There is nothing in Section 8.01-462 which indicates that "profits" is to be taken in other than its usual and ordinary meaning. This property may appreciate over the five-year period but every trader in real estate, securities, commodities, livestock or other goods and chattels knows that appreciation in value is only a so-called "paper" or unrealized profit.

In the Court's opinion, the word as used in the statute means an actual or realized profit, not merely an appreciation in value unconverted into a gain. This comports with the meaning generally given in other statutes, *e.g.* income tax codes.

In addition, the five-year provision in Section 8.01-462 is for the protection of the landowner against the extreme remedy of the sale of his real estate to satisfy judgment liens. If by that reasonably short delay

income produced from the real estate will discharge the obligation, this saves to him his real estate. The judgment lien creditor in appropriate cases must therefore suffer this delay. The latter, however, should not be delayed unless his debt can be discharged by actual receipt of money within the five-year span. Mere appreciation, unrealized, is not payment in money.

For the foregoing reasons the second exception of the defendants is denied. As a result the report of the commissioner is confirmed. Counsel for complainant should submit for entry draft of decree confirming the report and appropriately decreeing sale of the subject realty free and clear of liens, in which decree counsel for both parties may be named as special commissioners of sale.